June 14, 1973

No. 73-26 Raymond G. DeChamplain, MSGT, U. S. Air Force v. United States.

By opinion dated February 16, 1973, this Court upheld a decision of the United States Air Force Court of Military Review which reversed petitioner's conviction. United States v. DeChamplain, 22 U.S.C.M.A. 150, 46 C.M.R. 150. Thereafter, petitioner filed a petition for extraordinary relief contending the Air Force authorities had taken no steps to comply with this Court's mandate. That petition was denied on April 2, 1973. DeChamplain v. United States, 22 U.S.C.M.A. 211, 46 C.M.R. 211.

Petitioner has now filed a "Petition for Extraordinary Relief" averring principally that as of May 22, 1973, he remains confined and "there has been no determination by the convening authority whether or not a hearing of the charges against petitioner is practicable." He therefore contends that the limits of reasonableness set forth in DeChamplain v. United States, supra, have been exceeded, that he should now be released from confinement and further prosecution of the original or related charges should be prohibited.

The unrebutted "Answer and Response to Order," filed by Appellate Government Counsel on behalf of respondent, establishes that on March 26, 1973, the Commander, 13th Air Force, Clark Air Force Base, Republic of the Philippines, the original convening authority, determined that a rehearing on the charges against petitioner was practicable, but further concluded that such rehearing should be conducted in the United States. As a result, responsibility for further pro-

ceedings was transferred to and assumed by the Commander, 1840th Air Base Wing, Richards-Gebaur Air Force Base, Missouri on April 5, 1973. On the same date Captain Milburn K. Concannon, Jr., of the latter command, was advised that he was detailed as assistant defense counsel for the rehearing. On April 11, 1973, the staff judge advocate of the convening authority was advised that Captain Peter N. Rogers and Captain Byron D. Baur, members of the Trial Judiciary at Lowry Air Force Base, had been made available as trial counsel and defense counsel, respectively. Captain Concannon, having been advised of all steps taken with a view to trial, proceeded to the United States Disciplinary Barracks, Fort Leavenworth, Kansas, for the purpose of advising petitioner of the status of the case. Thereafter, and prior to May 22, 1973, the date the present petition was prepared, both Captain Baur and Captain Concannon, who joined petitioner in the submission thereof, were advised that the record of trial was available for examination.

On May 25, 1973, the staff judge advocate submitted his pretrial advice to the convening authority, who referred the charges to a general court-martial for trial.

It clearly appears from the foregoing that there is not, and on May 22, 1973, there was not a valid basis for the principal factual allegations upon which the Petition for Extraordinary Relief was predicated.

Invocation of the extraordinary powers of this Court granted by 28 U.S.C. § 1651(a) is a last resort, not a first thought. It is apparent that counsel who submitted the first and the second petitions under that Act are either unaware, or heedless, of that basic tenet. More disturbing, however, is the carelessness displayed in the choice of facts upon which the present petition is predicated. Both the regularly appointed defense counsel and assistant defense counsel were kept informed of all steps taken to effect a rehearing of the charges against petitioner. Despite this, they invoked the extraordinary powers of the Court by submitting a petition which now appears wholly unfounded. As a result, the time of counsel for the Government and of this Court has been wasted upon a matter which would never have been filed had those who submitted it paid even slight attention to the requirement that attorneys treat the courts before which they appear with candor and fairness. Such conduct on the part of members of the bar approaches the intolerable, and any repetition of such careless representations of fact will not be countenanced.

In view of the foregoing, it is, by the Court, this 14th day of June 1973,

ORDERED:

That said petition be, and the same hereby is, dismissed.

DUNCAN, Judge: I concur in the result in this Order.